**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

In re:  DWAYNE E. PAYNE                )
        SANDRA K. PAYNE                )   Case No. BK-11-15093-NLJ
                                       )   Chapter 13
                Debtors.               )

**MOTION AND BRIEF OF CAPITAL ONE AUTO FINANCE FOR AN ORDER MODIFYING AUTOMATIC STAY AND ABANDONING COLLATERAL, REQUEST FOR WAIVER OF 14 DAY STAY PURSUANT TO LR 4001-1(B) AND BRIEF IN SUPPORT AND NOTICE OF OPPORTUNITY FOR HEARING**

Capital One Auto Finance ("Capital One") respectfully moves the Court for a modification of the Automatic Stay and an Order of abandonment of certain assets of the Debtor, and in support of this Motion, states to the Court as follows:

1.  Debtors herein filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Oklahoma on September 16, 2011.

2.  Debtors are indebted to Capital One its Note and Security Agreement ("AGREEMENT") in the sum of $15,706.34 plus accruing interest, attorney fees and costs, and other permissible charges.

3.  The debt of the secured claimant is secured by AGREEMENT made to Capital One covering the following described property, to-wit:

**2007 FORD F150**
**VIN: 1FTRX12W87FB90809**

4.  The AGREEMENT was properly perfected as set out in the Lien Entry Form. A true and correct copy of the Note, Security Agreement and Lien Entry Form are attached hereto and incorporated herein as if set forth in full.

5. Accrued additional costs, fees and interest will continue to accrue at a per diem rate.

6. The reasonable value of the property set forth in the AGREEMENT is approximately $14,375.00 and the collateral is rapidly depreciating.

7. Since filing the bankruptcy petition, Debtors have been protected by the Automatic Stay under 11 U.S.C. §362(a).

8. The Debtors are delinquent in their payments to the Trustee.

9. Therefore, pursuant to 11 U.S.C. §362 (d), it is appropriate that the Court terminate the automatic stay and permit Capital One to enforce its lien in and to the Property arising from the aforementioned AGREEMENT.

10. Pursuant to the foregoing, the Property, to the extent Debtors claim, if any, an interest thereto, is burdensome to the estate or is of inconsequential value and benefit to the estate.

11. It is appropriate for the Court to order the Debtors, pursuant to 11 U.S.C.§ 554(b) to abandon any interest the Debtors' estate may have in the Property as said Property is burdensome to the estate or of an inconsequential value and benefit to the estate.

12. It is apparent that this Court could lift the Automatic Stay with respect to such property in accordance with §362(d)(2) of the Bankruptcy Code.

13. Should relief from the automatic stay be granted, The Trustee shall be authorized to cease all payments to the Movant under the Chapter 13 plan and he shall be further authorized to disburse any funds that Capital One would otherwise have been entitled to receive to other creditors in the case

14. That the relief granted herein be immediate pursuant to FRBP 4001(a)(1) and that the fourteen (14) days stay requirement under FRBP 4001(a)(3) not apply as the collateral is rapidly depreciating.

## NOTICE OF OPPORTUNITY FOR HEARING

**Your rights may be affected.  You should read this document carefully and consult your attorney about your rights and the effect of this document.** If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, no later than 14 days from the filing of this request for relief.  You should also mail a file-stamped copy of your response or objection to the undersigned movants attorney and file a certificate of service with the Court.  If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice.  **The 14-day period includes the 3 days allowed for mailing provided for in Rule 9006(f) Fed. R. Bankr. Proc.**

WHEREFORE, Capital One Auto Finance, moves this Court to enter an Order directing the Trustee to abandon the collateral as burdensome and an Order directing Debtors to turn over said property to Capital One Auto Finance forever or in the alternative granting Capital One Auto Finance relief from the Automatic Stay pursuant to 11 U.S.C. §362(a), permitting Capital One Auto Finance to commence an action to foreclose its lien against the collateral.

CAPITAL ONE AUTO FINANCE

By: *s/ Angela N. Stuteville*
 O. Clifton Gooding (OBA #10315)
 Angela N. Stuteville (OBA #19231)

3

Of the Firm:

THE GOODING LAW FIRM
A Professional Corporation
650 City Place Building
204 North Robinson Avenue
Oklahoma City, OK  73102
(405) 948-1978 - Telephone
(405) 948-0864 - Facsimile
astuteville@goodingfirm.com - Email

Attorneys for CAPITAL ONE AUTO FINANCE

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of January, 2013 copies of the above and foregoing document were forwarded via U.S. Mail, first class, postage prepaid and properly addressed to the following at the addresses listed on the attached mailing matrix.

*S/ Angela N. Stuteville*
O. Clifton Gooding
Angela N. Stuteville